STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-98-279

DONALD L. GARBRECHT
LAW LIBRARY

MAY 5 2000

EASTERN BUSINESS VENTURES,
INC. d/b/a INVESTCOMM
COMMERCIAL GROUP,

Plaintiff

v.

ORDER
AND
DECISION

JACQUES CADORETTE,

Defendant

The defendant Jacques Cadorette was the owner of commercial property at 464 Elm Street in Biddeford. In 1995 he placed a sign in a window of his building advertising the availability of the building for rent. Karen Thompson on behalf of the plaintiff real estate broker approached Mr. Cadorette and suggested that she might have a tenant for him.

On June 30, 1995 the parties signed a commission agreement regarding the lease of the building. Among other provisions the agreement stated, "In the event that Lessee purchases the leased premises from Lessor (the defendant) Investcomm (the plaintiff) shall be compensated at the rate of 10% of the gross purchase price of the property in which the premises are located, payable at the closing of the transaction . . ." A three year lease was also signed between the defendant and the tenant Brady Screen Print, Inc. that Ms. Thompson had found running from July 1, 1995 to June 30, 1998. Brady Screen Print, Inc. moved into the property pursuant to the lease.

An agreement for purchase and sale of the real estate at 464 Elm Street was signed on July 1, 1998 between Mr. Cadorette and Brady Screen Print, Inc. That agreement was then assigned by Brady Screen Print, Inc. to T & M Properties, LLC a newly created entity owned by members of the same family that owned Brady Screen Print, Inc. The sale closed with the same business occupying the premises but the ownership being in a different corporate form. The plaintiff has sued for its commission in a three count complaint based respectively on claims of breach of contract, *quantum meruit* and unjust enrichment. Both parties have moved for summary judgment.

The first issue is whether the "lessee" purchased the leased premises. The defendant argues that the lessee was Brady Screenprint, Inc., the purchaser was T & M Properties, LLC and, therefore, no commission is owed. Whether one looks at this transaction under the contract claim or an alternative claim the facts are the same. Ms. Thompson found a good reliable tenant who stayed for three years and then purchased the property. Mr. Cadorette has benefitted substantially from her services. The true lessee is the business that Michael Brady runs. A commission should be paid regardless of the fortuitous circumstance that Mr. Brady and his wife created a new entity to hold title to the family business.

The second objection raised by the defendant involves the claim that since the purchase closed after the lease expired no commission is required. There is nothing in the contract that requires the closing to occur during the term of the lease in order for a commission to be earned. The lessee business purchased the property and the absence of a provision calling for a commission if a closing occurred during

2

a specified period after the expiration of the lease, or any renewal of it, is not crucial in this case. The closing occurred within a reasonable time after the lease expired.

Lastly, the defendant claims that the provisions of 33 M.R.S.A. §1 bar the plaintiff's claims. That statute provides, "All contracts entered into for the sale or transfer of real estate and all contracts whereby a person, company or corporation becomes an agent for the sale or transfer of real estate shall become void in one year from the date such contract is entered into unless the time for the termination thereof is definitely stated." Here the time for termination of the agreement is definitely stated in that it is tied to the lease or any renewal thereof.

It is not necessary to reach the second and third claims of the plaintiff for *quantum meruit* and unjust enrichment. See *Paffhausen v. Balano,* 1998 Me. 47 ¶¶6-9 and n. 3, 708 A.2d 269, 271-2 for a full discussion of the differences between the two causes of actions and how damages are measured under each. There is no dispute as to amount of the commission if one is owed or that the commission agreement provides for reasonable attorney's fees.

The entry is:

> Plaintiff's motion for summary judgment is granted. Defendant's motion for summary judgment is denied. Judgment for the plaintiff for $30,000 plus attorney's fees on Count I of the complaint. Counts II and III of the complaint are dismissed as moot. The plaintiff may submit the attorney's fee request with supporting papers within 10 days and the defendant shall have 10 days to respond.

Dated:     May 2, 2000

Susan B. Driscoll, Esq. - PL
Thomas Danylik, Esq. - DEF

Paul A. Fritzsche
Justice, Superior Court

3